HOKE F. HENDERSON, JR., AND KAREN L. HENDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henderson v. Commissioner
Docket No. 11970-81
United States Tax Court
T.C. Memo 1983-372; 1983 Tax Ct. Memo LEXIS 419; 46 T.C.M. (CCH) 566; T.C.M. (RIA) 83372; June 22, 1983. *419 Held: Petitioners are not entitled to deduct as business expenses amounts paid for a print and a plant placed in petitioner's office, and for parking fees for the automobile petitioner drove to her office. Karen L. Henderson, pro se Larry D. Anderson for the respondent DRENNEN
MEMORANDUM FINDING OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $124. The issue for decision is whether petitioners are entitled to deduct as business expenses amounts *420 paid for a framed print and a live plant for petitioner's office, and for parking fees. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioners, Hoke, F. Henderson, Jr., and Karen L. Henderson (hereinafter petitioner), resided at Columbia, S.C., at the time the petition was filed. Petitioner was employed in 1977 by the State of South Carolina as an assistant attorney general. As an employee of the State of South Carolina, petitioner was provided an office with furniture and furnishings that consisted of a desk, a desk chair, a work table, a telephone, a dictaphone, a bookcase, a filing cabinet, law books, and two chairs for visitors. Her duties included consulting with public officials and attorneys and others from the private sector, which at times took place in her office. During 1977, petitioner purchased a framed print for $35 and a live plant for $35 for the purpose of decorating her office. In addition, petitioner paid a total of $180 to rent a parking space located across the street from her office. Petitioner occasionally *421 used her automobile for business purposes when an automobile from the pool of State automobiles was not available. In the statutory notice of deficiency, respondent disallowed the deduction for the framed print, live plant, and parking fees in their entirety. [1]
OPINION The only issue is whether petitioner is entitled to a deduction under section 162(a) [2] for amounts paid for a framed print and live plant used to decorate her office, and for amounts paid to rent a parking space. Petitioner contends that the expenses were all ordinary and necessary business expenses deductible under section 162(a). Respondent counters that the expenses were not ordinary and necessary, and that the expenses are nondeductible personal expenses under section 262. We agree with respondent that the expenses constitute nondeductible personal expenses under section 262. Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during *422 the taxable year in carrying on any trade or business. However, even assuming an expense meets the requirements of section 162(a), it still may be disallowed if the amount was expended for a personal, living, or family expense. Sec. 262. The essential inquiry here is whether a sufficient nexus existed between petitioner's expenses and the "carrying on" of petitioner's trade or business to qualify the expenses for the deduction under section 162(a), or whether they were in essence personal or living expenses and nondeductible by virtue of section 262. , revd. on other grounds . Moreover, where both sections 162(a) and 262 may apply, the latter section takes priority over the former. . We find that the amounts paid for the framed print and live plant were expended to improve the appearance of petitioner's office, a personal expense, and only tangentially, if at all, aided her in the performance of her duties as an employee of the State of South Carolina. He employer had provided her with all the furnishings considered *423 necessary to do her job. No evidence was presented to prove that the presence of the print and plant in her office were either necessary or helpful in performing her required services. "It is not enough that there may be some remote or incidental connection" with the taxpayer's business to support the deduction. . The two cases primarily relied on by petitioners, , and , are distinguishable. In Gillis the court relied on the fact that the circumstances were very unusual. In Judge which involved a pediatrician who furnished his own office, the court found that the paintings in issue, were of subjects "intended to be of interest to children", the taxpayer's patients and were used solely for the purpose of decoration of petitioner's business offices and not for any personal or non-business use." Accordingly, we deny the deduction for these two expenditures. As to the amounts paid for parking fees, we must likewise deny petitioner the deduction. In , *424 we held that parking fees are nondeductible commuting expenses even where the taxpayer was required by his employer to have his car available for use at work, absent proof that the taxpayer would not have driven his automobile to his place of employment in any event. [3] In the instant case, petitioner has offered no evidence to establish that her employer required her to have her car at her place of employment or that she would not have driven her car to work in any event. In fact, there is no specific evidence that petitioner was required to use her own car on business after she arrived at her office. Accordingly, we deny petitioner a deduction for the parking fees. Decision will be entered for the respondent
Footnotes
1. The amount disallowed in the notice of deficiency was $247.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
3. See also .↩